# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No 14-584V
Filed: March 29, 2017

* * * * * * * * * * * * * *
KEVIN M. HOFFMAN and      *
JENNIFER HOFFMAN, parents and    *
natural guardians of I.J.H., a minor,    *     Special Master Sanders
     *
     Petitioners,      *
     *     Attorneys' Fees and Costs; Unopposed;
v.      *     Reasonable Amount Requested.
     *
SECRETARY OF HEALTH      *
AND HUMAN SERVICES,      *
     *
     Respondent.      *
* * * * * * * * * * * * * *

Jeffrey A. Golvash, Brennan, Robins & Daley, P.C., Pittsburgh, PA, for Petitioners.
Alexis B. Babcock, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On July 10, 2014, Kevin and Jennifer Hoffman ("Petitioners") filed a petition for compensation on behalf of I.J.H., a minor, under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 to -34 (2012).[2] Petitioners alleged that the administration of a Measles-Mumps-Rubella ("MMR") vaccine on July 27, 2011 caused I.J.H. to suffer from Celiac's disease and "autoimmune disorder." Pet. 1, ECF No. 1. On July 28, 2016, Petitioners filed a Motion for a Decision Dismissing Their Petition. Mot. Dec. Dis. Pet., ECF No. 39. On

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 et seq. (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

July 29, 2016, Special Master Hamilton-Fieldman dismissed their petition "for insufficient proof." Dec. 2, ECF No. 40.

On February 9, 2017, Petitioners filed an Application for Attorney's Fees and Costs. App. Atty's Fees & Costs, ECF No. 47. Petitioners originally requested $22,646.99 for attorneys' fees and $1,257.08 for costs, totaling $23,903.08. *Id.* at 1. However, Petitioners wrote that they spoke with Respondent prior to submitting their motion for fees and costs, and Respondent notified Petitioners that he would not object to a total request of $21,000 for attorneys' fees and litigation costs. *Id.* As such, Petitioners revised their request to $21,000 for attorneys' fees and costs, plus $400 for Petitioners' personal expenses. *Id.* Petitioners did not file a Statement Regarding Fees and Costs, although Petitioners' counsel included an affidavit with the Motion stating that he had contacted his clients for the document. *Id.* at 2.

Petitioners submitted a Motion to Amend their application for fees on February 14, 2017. Mot. Amend, ECF No. 48. Petitioners' Motion included their signed Statement Regarding Fees and Costs. *Id.* at 3. Their Statement showed Petitioners' personal costs to be $7,555.42. *Id.* at 4. However, Petitioners did not revise their initial $400 request for personal expenses. *Id.* at 3. Petitioners wrote that they again conferred with Respondent prior to filing their Motion to Amend and explained that Respondent "oppos[ed] an award for any stated out-of-pocket costs/expenses . . . above and beyond the $400.00 filing fee." *Id.* at 3.

Petitioners subsequently filed a Second Motion to Amend Application for Attorney's Fees and Costs on February 28, 2017. Sec. Mot. Amend, ECF No. 49. Petitioners' counsel indicated that he had conferred with his clients and Respondent and consequently requested $600 for Petitioners' personal expenses. *Id.* at 2. Petitioners stated that Respondent would not oppose an award for this amount. *Id.*

Respondent filed his Response to Petitioners' Application for Attorneys' Fees and Costs on March 3, 2017. Resp. App. Att'ys' Fees & Costs, ECF No. 50. Respondent wrote that he "does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date." *Id.* Respondent also stated that "[his] lack of objection to the amount sought in this case should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." *Id.*

The undersigned has reviewed Petitioners' counsel's detailed records of time and expenses incurred in this case, and they are reasonable.[3] In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees

_____

[3] Petitioners' application for fees and costs, although unopposed, relies upon a proposed hourly rate for Petitioners' counsel, Jeffrey Golvash, who practices in Pittsburgh, Pennsylvania. Respondent does not maintain an objection to the amount of fees and costs sought by Petitioners, and I find that the total sum requested is reasonable under the circumstances. Therefore, I do not reach the question of whether Mr. Golvash is entitled to the forum rate under the test established by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). This decision does not constitute such a determination.

and costs.  **Accordingly, the undersigned hereby awards the amount of $21,000.00[4] in the form of a check made payable jointly to Petitioners and Petitioners' counsel, Jeffrey A. Golvash, of Brennan, Robins & Daley, P.C., and the amount of $600.00, in the form of a check made payable to Petitioners.**  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

/s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).